### LAMB et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1920.)

No. 3400.

1. Internal revenue ☞47—Evidence of possession of unregistered still sufficient to require submission to jury.

In trial of a defendant, charged with unlawfully having in his possession and custody and under his control a still for the production of spirituous liquors, set up without having the same registered as required by law, evidence *held* sufficient to require submission of the case to the jury.

2. Criminal law ☞829(1)—Refusal of instruction not error, where covered by charge given.

It was not error to refuse to give a requested charge, where the instructions given fully covered its subject-matter.

3. Criminal law ☞784(5)—Instruction as to sufficiency of circumstantial evidence approved.

Instruction as to the degree of proof of circumstantial evidence to authorize conviction approved.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against Robert Lamb and Dave Lamb. Judgment of conviction, and defendants bring error. Affirmed.

Frederick T. Saussy, of Savannah, Ga., for plaintiffs in error.
John W. Bennett, U. S. Atty., of Waycross, Ga.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

CALL, District Judge. The plaintiffs in error, defendants below, were jointly indicted in the United States District Court for the Eastern Division of the Southern District of Georgia. The indictment contains four counts. The first count, the only one on which the jury returned a verdict of guilty, charges the defendants with unlawfully having in their possession and custody, and under their control, a still, or distilling apparatus, for the production of spirituous liquors, set up without having the same registered as required by law. Upon the trial the jury returned a verdict of guilty against both of the defendants on this count, upon which verdict the court sentenced the defendants to pay a fine and be confined in the Chatham county jail for a certain period. The writ of error sued out seeks a reversal of this judgment.

There are eight assignments of error. The first is that there was no evidence upon which Dave Lamb could have been convicted.

The second assigns as error a charge given by the court, because it authorized a conviction on the fourth count, on which count the defendants were acquitted. If error had been committed in this charge, which we do not think, it is harmless to the defendants, as they were each acquitted by the jury of this charge.

The third assigns error to the court in overruling the motion in arrest of judgment. This assignment is discussed, and decided adversely to the plaintiffs in error in the case of Anthony Phillips v. United States, 264 Fed. 657, —— C. C. A. ——, at the present term.

The fourth assignment is upon the court's refusal to give the following charge requested:

"I charge you that, under the first count of the indictment, the defendants are charged with having in their possession, custody, and control a still and distilling apparatus for the production of spirituous liquors, set up without having the same registered as required by law. I charge you that there is no evidence to show that either of the defendants were in possession of the still in question, and there is no evidence to show that either of the defendants had such still in their custody. It is for you to determine from the evidence in this case, if they had said still and distilling apparatus under their control. By control the statute means management or direction."

The fifth assignment is upon the refusal of the court to give the following requested charge:

"I charge you that the defendant Dave Lamb contends that he knew nothing about this still, knew nothing of its operation, had nothing whatever to do with its management or control, and was not in possession of it; that he does admit that he had in his possession, two miles away from the place

where the still was found, and at his own place, certain fermenting syrup which he claims he intended to use in his own household, and not for the purpose of manufacturing any spirituous liquors. If you find his contention supported by the evidence, you would find him not guilty."

The sixth assignment is abandoned in argument. The seventh assignment is based upon the refusal to give this charge:

"I charge you that suspicious circumstances are never 'sufficient alone to convict one of crime. Those circumstances in any given case may be of more or less importance viewed in the light of the entire evidence in the case; but if they amount to merely circumstantial evidence, then such evidence alone would not be sufficient to convict unless the same was consistent with the guilt of the accused as charged, and must exclude every other reasonable hypothesis save that of the guilt of the accused."

The eighth assignment is based upon the refusal to charge as follows:

"If you find from the evidence in this case that the still in question at the time it was discovered by the officers of the law was in actual operation, and that Robert Lamb was at Stillmore at that time, seven miles away, and had been away from his own place since 8 or 9 o'clock that morning, and that this still had a fire going at that time, and in actual operation, that the circumstance that Robert Lamb was so far away from where the still was located may be considered by you in determining whether he was in control of said still; and if you find that the evidence fails to show that he or any one acting under his direction commenced the operation of the still that day, and that it was physically impossible for him to have commenced the operation of such still before leaving and the same be in the condition in which it was found by the officers of the law when they did find it, then you would be authorized to find that he was not connected with the management or control of said still, and you would be authorized to find him not guilty."

The second and third assignments need not be noticed, further than what has been said about them above.

[1] The first assignment raises the question whether there was any evidence before the jury upon which Dave Lamb could be convicted of the first count of the·indictment. If there was any evidence upon which, and the deductions properly flowing therefrom, the jury would be justified in arriving at a verdict of guilty, the court should have refused the charge; by giving it the court would have instructed the jury to acquit that particular defendant on the first count. The testimony contained in the bill of exceptions shows this state of facts:

On the 24th of May, 1918, there was a still found on property not owned by the Lambs near a branch of running water. The still was in operation when found; fire under it and spirits dripping from the pipe. This still was within a short distance of Robert Lamb's house; some of the witnesses say 300 yards; some say 500 or 600 yards. From the still Robert Lamb's house was in plain view. Some 10 gallons of whisky distilled from syrup beer, one empty barrel which had contained beer, and a barrel and a half of beer in condition to be distilled, were found at or near the still. A well-defined wagon track led from the still to Robert Lamb's house, with indications that a wagon that morning had come from the house to the still, been unloaded there, and then returned to the house. A wagon was found in the yard of Robert Lamb; also two barrels buried in the ground and covered up,

containing syrup beer, not quite ready for distillation. Dave Lamb was a brother of Robert, and lived between a half and three-quarters of a mile from the place where the still was found, although one had to travel further in going to or from the house to the still, depending on whether one went through the field or by the road. The house of the father was between Robert's and Dave's houses. At Dave's house was found barrels of syrup beer not ready for distillation, two full barrels by the well in the yard, and one of the witnesses testified one empty, from which beer had been taken; two barrels buried in his smokehouse, one of which contained a small quantity of beer and several Coca-Cola kegs, one of the witnesses testifying that one of the kegs contained a small quantity of whisky made from syrup beer, and all the others smelling of such whisky. Dave Lamb's house was not in sight from the still.

The defendants denied all knowledge of the location of the still, denied either had ever had any connection with it, and Robert Lamb contended that, while he knew of the two barrels being buried in his yard, yet he had no part therein or knowledge that the contents were to be used to distill spirituous liquors; that he was away from home the day the still was found from 8 or 9 o'clock in the morning until 2 or 3 in the afternoon. Dave contended that the two barrels of beer found at his well were intended to make vinegar for his domestic use in putting up cabbage and peaches; that he knew nothing of the barrels buried in his smokehouse; had never used them; that negroes had occupied the premises the year before; that the Coca-Cola kegs had been purchased by him from a negro, one for the purpose of making a water cooler, and the others to put up cabbages for winter use. Under this state of the testimony, the court would not have been justified in withdrawing from the jury the consideration of whether Dave Lamb was guilty of the first count, and the charge was properly refused.

[2] As to the fourth assignment, the court covered in its general charge the definitions of possession, custody, and control fully. The defendant cannot put the trial court in error because it failed to give the charge in the very words requested, where the subject-matter of such charge is fully covered by the court in its charge. The requested charge further seeks to have the court charge the jury that there was no evidence that the defendants had the still in their possession or custody. Under the testimony, such a charge would have been improper. The same may be said of the fifth assignment. The court stated fairly and impartially the contention of the government and the contentions of each of the defendants, and submitted them to the jury to find which were supported by the testimony. This charge attempts to select the contention of Dave Lamb and instruct specifically on that contention.

What we have said as to the fourth and fifth assignments disposes of the eighth assignment. If the testimony was such as to convince the jury beyond a reasonable doubt that Robert Lamb was in possession, custody, or control of the still, the fact that he was not present that particular day, or was seven miles away, could not affect his guilt. The charge seeks to confine the attention of the jury to that particular

day, and exclude the consideration of the other circumstances in evidence.

[3] This disposes of all the assignments except the seventh. The charge requested undoubtedly is a correct statement of the law where circumstantial evidence is relied upon for conviction. The court, after defining circumstantial evidence, proceeds to charge the jury as follows:

"Where a case is dependent entirely upon circumstantial evidence, as is the case in this case, the evidence must be of that degree of strength to exclude every other reasonable doubt save that of the guilt of the accused. The true question in every criminal case is whether the evidence is sufficient to convince you beyond a reasonable doubt of the defendant's guilt. If the evidence is of that degree of strength, then it would be your duty to convict. On the other hand, if it does not approach that degree of strength, then it would be equally your duty to acquit him."

Here the court, instead of charging the words of the requested charge, after charging the jury that the case was one of circumstantial evidence entirely, charges them that it must be of that degree of strength which excludes every reasonable doubt of guilt. This, it seems to us, protects every right of each of the defendants. It tells the jury that the circumstances they find to have been proven must exclude every reasonable doubt, except that of guilt, and is tantamount and equivalent to the use of the word "hypothesis." The jury must have understood from the charge of the court that, unless this circumstantial evidence was such as to convince them of the guilt of the accused to the exclusion of and beyond a reasonable doubt, they could not convict; and this is sufficient and satisfies the law.

Finding no error in the record, the judgment of the trial court is affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes