## KENDALL v. UNITED STATES.

### No. 10362.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1942.

McCORD, Circuit Judge, dissenting.

———◆———

F. Larcus Clements, of Macon, Ga., and Joel B. Mallet, of Jackson, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., of Macon, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Convicted on four counts of an indictment charging (1) possession of an unregistered still, (2) carrying on the business of a distiller without giving bond, (3) doing so with intent to defraud the Government, and (4) working at an unregistered still, defendant was sentenced to pay a fine of $300 and to serve 18 months in the penitentiary.

Assigning as error, the refusal to direct a verdict of not guilty on his motion, and the giving of certain instructions, not however objected to, defendant has appealed, insisting that the evidence failed to make out a case for a verdict, and that, though not complained of below, the instructions were such plain and prejudical error that reversal might be had for them.

[1] We cannot agree with appellant. It is quite clear that the here complained of instructions, if erroneous, and we do not decide that they were, were not in their nature such as to entitle appellant to have the error claimed as to them corrected by reversal here when they were not considered of sufficient importance below to call them to the attention of the trial judge. Such aberrations from the true course of the law as they evidenced, if any, could, and we must assume would, have been remedied if they had been pointed out and objected to. Unobjected to there, they may not be made ground for reversal here.

Upon the assigned error on the failure to direct a verdict, appellant stands better procedurally, for he did move for a direction as to each count. His substantial position, however, is no better.

■ True the evidence is wholly circumstantial, but the circumstances relied on for conviction are so clearly established without conflict of any kind,[1] cf. Lamb v. United States, 5 Cir., 264 F. 660, 662, and there is such complete absence of evidence explaining away their incriminating force, cf. Nounes v. United States, 5 Cir., 4 F.2d 833,

---

[4] Cf. Valley Waste Mills v. Page, 5 Cir., 115 F.2d 466.

[1] The location of the still on plaintiff's land, the trails or roads leading to and from defendant's premises and it, the wagon tracks from the still to the yard, the wagon in the yard, the sacks of rye meal at the still and in his outhouse, and the concealed cans found on his premises.

that at least as to some of the counts, and the sentence was no more than could have been imposed on any one of them, it may not be said that, as a matter of law, the verdict of guilty may not stand.

The judgment is affirmed.

McCORD, Circuit Judge (dissenting).

In my opinion the evidence was not sufficient to support the verdict. At most the evidence merely raises suspicion of guilt leaving the verdict of the jury to rest on guess and conjecture.

I respectfully dissent.