Louis A. EHRLICH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15965.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1956.

Wm. P. Congdon, Augusta, Ga., Hal Lindsay, Atlanta, Ga., Congdon & Leonard, Augusta, Ga., of counsel, for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant was charged under Sec. 371, Title 18 U.S.C., in Count One of each of two indictments with a conspiracy with the named, but not indicted veterans to violate the provisions of the Lanham Act, 42 U.S.C.A. § 1524, and in Count Two thereof with the substantive offense of having, by trick, scheme or device, covered up and concealed a material fact contrary to the provisions of the Lanham Act, and in violation of Sec. 1001, Title 18 U.S.C.

Consolidated for trial and tried together, there followed a verdict in the cases acquitting defendant on the conspiracy counts and convicting him on the substantive counts of each indictment, and a sentence and judgment admitting him to five years probation, conditioned on payment of a $10,000 fine.

Appealing from the judgment and sentence, defendant is here insisting that, for the reasons specified by him,[1] the judgment should be reversed with directions to acquit him, or, in the alternative, reversed and remanded for trial anew.

Because, if they are supported in law and in fact, his specifications of error, presenting the ground that the evidence was insufficient to support the conviction, will dispose not only of this appeal but of the case, we take those up first to say of them that, in our opinion, they are not well taken and that, unless appellant's procedural points are, the judgment must be affirmed.

While there are some conflicts between the testimony of the defendant and some of the Public Housing Witnesses, the jury, in finding for the government, resolved these conflicts in favor of the United States. In addition, we think it clear not only on the testimony as a whole, including that of plaintiff, that the jury could well have found, as they did, that instead of proceeding openly and frankly to do what on the trial he claimed he was trying to do, aid the veterans in acquiring homes, he was proceeding behind a false front which was intended to and did conceal the realities of the transaction between him and the veterans, and that he took the course he did in the way employed, for the purpose and with the effect of concealing the true facts from the administration.

■ This is not to say that a verdict of guilty was demanded, that is that the jury was bound to have concluded that

---

1. These grounds can be grouped into five categories of error: (1) in not instructing a verdict for the defendant because of the insufficiency of the evidence; (2) in charges given and refused; (3) in the introduction of evidence; (4) in respect of the invalidity of the indictments; (5) in not holding that the acquittal on the conspiracy count barred the conviction on the substantive counts.

he was intending to defraud and that they would have stultified themselves if they had found the defendant not guilty. It is to say, though, that the verdict was reasonable and well based on the evidence. After all is said and done, the issue thus joined was simply whether or not, in proceeding as he did to induce the veterans to lend him the use of their names so that he could buy the property at the price which under the act was available to veterans, he made a full, fair, and true disclosure to the Public Housing Administration, as he was required to do, of the real facts or, on the contrary, concealed and hid from it matters which were material to the transaction and which it was entitled to know.

Even without the testimony of the two veterans named in the indictments and the other veteran and his wife who testified to an effort on the part of the defendant to induce him to enter into a similar transaction, there was in the evidence of the defendant, including contracts in blank and other significant circumstances attending his acquisition of the properties, a sufficient basis for the verdict found.

■ Nor does appellant stand any better on his claim that the Lanham Act does not give a preference to veterans. Not only does the act plainly so provide, but the speaking facts of the transaction support the finding that the defendant knew that it did and that his efforts were directed to obtaining for himself, and not the veterans, the benefits of the act.

■ Little need be said with regard to the appellant's objections to the testimony of the veteran Arnold and his wife. The testimony was typical of the kind of testimony which is an exception to the general rule appellant invokes. This is that evidence of similar transactions will be received for the purpose of showing knowledge, intent, motive, design or scheme where such element is an essential of the commission of the offense. 20 Am. Jur., "Evidence", Sec. 303, p. 281, Sec. 314, p. 296; United States v. Kenney, C.C., 90 F. 257; and our case recently decided, Baker v. United States, 5 Cir., 227 F.2d 376.

Defendant himself, recognizing the relevancy and value of such testimony, offered similar testimony for the purpose of substantiating his contentions that his acts and conduct were not covinous and fraudulent but open and sincere.

■ Appellant's exceptions to the charges given and refused point to no reversible error. To the extent that it was material and proper to be given, the trial judge embodied in his charge defendant's request No. 2, that if they believed from the evidence that the arrangements made by the defendant were financial arrangements made for the purpose of enabling these men to purchase their homes, and that under this arrangement the money was to be furnished by the defendant, but that the veterans were to continue to occupy their houses after the paper was signed, this arrangement would not be a violation of the Lanham Act. To have given it as a whole would have amounted to an instruction for the defendant because there is no doubt that what was confected was a financial arrangement of that kind.

■ But this was not the issue in the case. The issue was whether the facts of the arrangement, such as it was, had been disclosed or concealed from the agency, and the finding that it had or had not been concealed was the determinative finding in the case. By the request, defendant apparently took the position, which he has taken throughout, that if, concealing the fact that he was the real purchaser, he went through with the veterans the form of putting the property in their names while at the same time taking it back from them, he committed no offense; whereas it is at exactly this sort of transaction that the law is aimed. Whatever arrangement he made with the veterans, if he had fully disclosed it to the Housing Authorities when he applied for deeds in their names, he could not have been guilty of the offense charged. On the other hand, if

intending to deceive, he did not disclose the arrangement and by not disclosing it obtained a deed to the veteran, he was guilty of the offense.

As to the errors, 5 and 6, assigned upon the court's charge, no objection of this kind was made below, and it is fundamental that in the absence of an objection to a charge, error may not be assigned with respect to the matter not objected to, unless it appears that the failure to give the charge constituted fundamental error. Kendall v. United States, 5 Cir., 131 F.2d 431; Isgate v. United States, 5 Cir., 174 F.2d 437. No such showing is made here. Indeed the matters objected to, when considered with the charge as a whole, present nothing of which complaint could properly be made.

Of the remaining assignments, that the acquittal on the conspiracy counts bars a conviction of the substantive count, it is sufficient to say that the rule is universal and without exception that consistency in a jury verdict is not required. When an indictment contains multiple counts, a jury verdict of guilty on some and not guilty on others is not an inconsistency requiring an acquittal on all. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356; Freeman v. United States, 5 Cir., 96 F.2d 13; Mogoll v. United States, 5 Cir., 158 F.2d 792. Neither is a conspiracy count the same as, nor may it be merged with, a substantive count dealing with the same matters. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. Besides, there is no inconsistency in fact in a verdict finding that the veterans, the alleged co-conspirators, were not such and one finding the defendant guilty of the substantive offense.

Finally, appellant's assignment No. 9, in which he claims that the facts did not authorize a conviction under 18 U.S.C. § 1001, but if they authorized a conviction at all, it was under 18 U.S.C. § 1012, is without merit. The charge and the facts related specifically to Sec. 1001 and the convictions under it were entirely proper. If as counsel suggest, the offense could have been prosecuted under Sec. 1012, that was for the election of the government and not the defendant. It is settled law, United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, that where a single act violates more than one statute, the government may elect to prosecute under either. A defendant cannot complain merely because the charge against him is brought under the statute carrying the more serious penalties when two statutes punish the same general acts. Rosenberg v. United States, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607; United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61; Berra v. United States, 351 U.S. 131, 76 S.Ct. 685.

No error appearing, the judgment is affirmed.