**Robert W. KEITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16740.**

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1957.

H. E. Tarpley, Dallas, Tex., for appellant.

William N. Hamilton, Asst. U. S. Atty., Minor Morgan, Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

From a conviction under 26 U.S.C.A. § 5621 for failure to make entries on a daily commercial record (Treasury Form 52-B) required by 26 U.S.C.A. § 5114(a) in connection with the sale of two cases of distilled spirits to an undercover agent posing as an Oklahoma bootlegger, the appellant asserts that the Court erred in four respects: (1) in receiving evidence of prior incidents of *false* entries showing sales to fictitious nonexistent purchasers; (2) in allowing the agent to testify that in their investigation others had stated to them that they had never heard or knew of these fictitious persons;

(3) in holding that the statute covered a single entry, not entries; (4) in failing to sustain a plea of entrapment as a matter of law.

■■ Since the failure to make the entry must be willful, i.e., not merely inadvertent or negligent, Brink v. United States, 6 Cir., 148 F.2d 325, intent was crucial. Proof of false entries in 109 prior incidents in which purchasers were listed by fictitious names was relevant to establish intent, motive, design, purpose and practice as the effect and purpose of the two acts (failure to make entries or making false entries) is the same—to create an incorrect and unreliable record for the Government's use. Such evidence is admissible for that purpose. Lindsey v. United States, 5 Cir., 227 F.2d 113, 117; Ehrlich v. United States, 5 Cir., 238 F.2d 481, 484, and its use does not make it a trial and conviction for offenses not charged. In view of this, we need not determine whether, as claimed, this evidence came in out of turn as an unauthorized anticipation by the Government of a plea of entrapment.

■ To prove that in the 109 incidents of sales in 23 cities and towns, the entries falsely listed a fictitious purchaser, the agent testified that in his investigation in each city he checked with the police department, the sheriff's office, public utilties, chamber of commerce, telephone and business directories and talked to local residents, but he was unable to find or locate any one of them, or learn from any source that such person was known to exist. This was proof of a negative fact—the nonexistence of the purchasers, and the evidence was not inadmissible hearsay, Nichols v. United States, 5 Cir., 48 F.2d 46 (and see, citing this case, Wigmore on Evidence, 3rd Ed., § 664, note 1).

■ The contention that a judgment of acquittal was due because § 5621 prescribes that "Every * * * wholesale liquor dealer who refuses or neglects to keep the records required under sections * * * 5114(a) in the form prescribed * * * or to make *entries* therein

* * *," so that there must be a case of an omission of *entries* (and not merely a single entry covering a single sale) on the confessed theory that "every dog is entitled to his first bite" is a patent abuse of literalism, United States v. American Trucking Ass'ns, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345, 1350, and warrants no further comment.

█ If entrapment was in the case, and the doubt is great since the inducement (if any) was for the *sale* of the wine, not the clerical failure to make a subsequent entry, it was certainly not there as a matter of law. Conduct and statements of the appellant show both his conscious knowledge of illegal sales, and the stealth by which he sought to protect himself, his "runners" and his customers from detection or arrest. It was for the jury, on adequate instructions nowhere complained of, to determine whether an innocent person was led into crime by a Government agent. Their answer was plain.

Affirmed.