**George DOTY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5916.**

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1958.

---

Thomas A. Wallace, Sapulpa, Okl., for appellant.

John Morley, Asst. U. S. Atty., Tulsa, Okl. (Hubert A. Marlow, Asst. U. S. Atty., Tulsa, Okl., was with him on the brief), for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, George Doty, an Oklahoma bootlegger, was convicted of per-

jury in the United States District Court for the Northern District of Oklahoma. The indictment charged, in three separate counts, that the defendant had testified falsely before a grand jury as to three inquiries which were, in substance, as follows:

(1) Had defendant ever been approached by any of several specified law enforcement officers to make a "deal"?

(2) Did defendant have any arrangement with any Creek County, Oklahoma law enforcement officers whereby he could operate and sell whiskey without fear of being raided?

(3) Was defendant giving any Creek County, Oklahoma law enforcement officer any money or other commodity for the privilege of continuing the operation of his whiskey business? [1]

There is no dispute but that these questions were material to the investigation then being conducted by the grand jury to determine whether bootleggers and local law enforcement officers were involved in a conspiracy to violate the liquor traffic and Internal Revenue Laws of the United States by means of bribery, graft, fraud or profit.

The defendant urges that the judgment of conviction should be reversed because there was insufficient evidence to show the falsity of defendant's statements before the grand jury. More particularly, it is contended that the evidence did not satisfy the requirements of the two-witness rule. This rule, which has found uniform acceptance by the courts, is that the falsity of the alleged perjurious statements must be established either by two witnesses or by one witness and corroborating, trustworthy evidence that is inconsistent with the innocence of the defendant. Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495; Hammer v. United States, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118; United States v. Hiss, 2 Cir., 185 F.2d 822, certiorari denied 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683; United States v. Seavey, 3 Cir., 180 F.2d 837, certiorari denied 339 U.S. 979, 70 S.Ct. 1023, 94 L.Ed. 1383. The prosecution undertook to satisfy the requirement of the rule with the testimony of two Creek County, Oklahoma law enforcement officers who had had dealings with the defendant in connection with his bootlegging business. The chief criminal deputy sheriff of that county testified that in September, 1956, he and another deputy met with the defendant, at which meeting it was agreed that they would be paid $1.00 for each case of intoxicating liquor sold by the defendant; [2] that in accordance with this agreement, payments were thereafter collected by these deputies between the first and fifth of each month; and that payments continued up to and beyond the time of the grand jury session in September, 1957. The other officer testified that he was present when the arrangements for the payment of the money were made; that he heard the conversations with defendant whereby he agreed to make the specified payments of $1.00 for each case of intoxicating liquor sold; that thereafter he received some of the payments and at other times they were collected by his associate; and that regardless of who made the collections, the

---

1. The defendant was convicted as charged and sentenced to imprisonment for a term of 3 years on each count, which sentences were to be served concurrently.

2. Testifying as to the conversation in which the arrangements were made, the witness said:
 "Q. The question is, relate the conversation that you and John Nation had with Mr. George Doty in your car near his home during approximately September of 1956.
 "A. We told him it looked like we might as well make a deal with him, we couldn't catch him. He said, That's a good deal; he said, you and Johnny are the only ones I have got to be afraid of; and, what is the deal? And I think I was the one that told him, a dollar a case. He said, Well, that will save me a lot of money. You should have done this sometime ago.
 "Q. By a dollar a case, you mean a dollar a case to be paid to you and Mr. Nation, is that right?
 "A. That's correct."

money was divided equally between them. This latter testimony contradicts in positive terms the statements of the defendant before the grant jury and leads to an inference of his guilt. It amply corroborated that of the chief criminal deputy and its credibility was exclusively for the jury. Weiler v. United States, supra.

 Counsel for defendant further contends that the testimony of these two witnesses was insufficient to satisfy the two-witness requirement because both were co-conspirators to violate the liquor laws and "the testimony of one accomplice cannot be relied upon to support that of another accomplice". The rule which limits the weight to be given to the testimony of an accomplice has application only where he is testifying in the criminal trial of the other accomplice. The witnesses here were not accomplices to the crime of perjury and could not have been indicted for that offense. Wigmore on Evidence, Vol. VII, § 2056; Risinger v. United States, 5 Cir., 236 F. 2d 96; United States v. Seavey, 3 Cir., 180 F.2d 837, certiorari denied 339 U.S. 979, 70 S.Ct. 1023, 94 L.Ed. 1383. The unlawful activities of the officers affected only the credibility of their testimony.

 Finally, the defendant contends that the trial court erred in allowing evidence to be introduced as to payments made by the defendant to the two officers after the date of the grand jury hearing. This testimony was to the effect that the payments continued subsequent to the date on which the defendant testified before the grand jury. This testimony was relevant to show a continuing course of conduct. It tended to corroborate the testimony of the officers and show that the alleged false statements were willful and deliberate. 22 C.J.S. Criminal Law § 689; Keith v. United States, 5 Cir., 250 F.2d 355; Campanelli v. United States, 9 Cir., 13 F.2d 750. The evidence relates directly to the acts and conduct of the defendant in the transactions occurring prior to the grand jury hearing, and would be admissible against him if he were being tried for the offense of bribery or violation of the liquor

traffic act (Morlan v. United States, 10 Cir., 230 F.2d 30). There is no reason why such evidence should not be admissible if it tends to establish an issue of fact in a perjury case. 20 Am.Jur., Evidence, § 303; Ehrlich v. United States, 5 Cir., 238 F.2d 481; Morlan v. United States, supra.

Affirmed.