UNITED STATES of America, Plaintiff-Appellee,

v.

Reginald Max GOLDSMITH, Jr., Defendant-Appellant.

No. 73-1757

Summary Calendar.\*

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1973.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al. 5th Cir. 1970, 431 F.2d 409, Part I.

Glenn Zell, Atlanta, Ga., Philip J. Hirschkop, Alexandria, Va., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Reginald Max Goldsmith, a private investigator, was charged with intercepting private telephone conversations by wiretaps on two separate telephone lines in violation of 18 U.S.C.A. § 2511(1)(a) and 18 U.S.C.A. § 2. The jury found him guilty as to only one of the two counts. Defendant seeks reversal asserting that (1) the admission of certain testimony regarding other acts of similar uncharged misconduct, without proper instructions to the jury, denied him due process of law, (2) he received ineffective assistance from retained counsel and was thus denied his constitutional right to counsel, (3) the trial court improperly refused to order the discovery of material in possession of the Government, (4) there was a fatal variance between the pleading and the proof, which was insufficient to support the conviction. Finding no merit to any of defendant's arguments, we affirm.

(1) Testimony of telephone company employees and the individuals

whose telephones had been tapped established the existence of the wiretaps, but the defendant was connected with the unlawful activity only by the testimony of two former employees, who discussed previous electronic eavesdropping assignments completed for Goldsmith. This evidence was admitted, with prior instructions to the jury limiting the purpose of the testimony to the establishment of *modus operandi*. Defendant contends that he was denied due process by the Court's admitting this evidence with merely prior limiting instructions to the jury.

■ Although evidence of criminal conduct not charged in the indictment may not be admitted if its only relevance is to demonstrate the defendant's bad character, Michelson v. U. S., 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), *see* Boyd v. U. S., 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892), such evidence will be received for the purpose of showing knowledge, intent, motive, design, or scheme where such element is an essential element of the commission of the offense. Ehrlich v. U. S., 238 F. 2d 481, 484 (5th Cir. 1956); U. S. v. Payne, 467 F.2d 828 (5th Cir. 1972); U. S. v. McGlamory, 441 F.2d 130 (5th Cir. 1971); U. S. v. Pittman, 439 F.2d 906 (5th Cir. 1971), cert. denied, 404 U.S. 842, 92 S.Ct. 138, 30 L.Ed.2d 77. *See* 2 C. Wright, Federal Practice and Procedure § 410 (1969). If the evidence of extrinsic crimes is relevant to a material fact in issue, the trial court must then weigh the probative value of the evidence against its inherent improper prejudicial effect. *See* U. S. v. Lawrance, 480 F.2d 688, p. 690 n.3 (5th Cir. 1973).

The challenged testimony in this case was admitted to establish Goldsmith's *modus operandi* of employing telephone wiretaps in his private investigations. The trial court, on two occasions, cautioned the jury that the testimony was intended only to demonstrate the defendant's professional designs and techniques. We find these curative, limiting instructions sufficient to have eliminated any improper prejudicial effects of the admission of evidence of prior, similar criminal acts.

■■ (2) Failure to object to testimony and to support adequately his own motions are cited to illustrate the alleged inadequacy of counsel. A conviction will not be set aside on the ground of incompetent counsel, however, merely because an attorney may have erred on occasion when he rendered reasonably effective assistance. Sloan v. Wainwright, 469 F.2d 390 (5th Cir. 1972). The "errors" here alleged do not sustain the claim that defendant was denied a fair trial.

■ (3) Defendant fails to show any specific instance where the Government failed to comply with the discovery rules, and there is no indication that the District Court abused its discretion barring the discovery of material which the Government declined to provide.

■ (4) Since defendant was charged not with installation of the wiretaps, but with "wilfully, knowingly and unlawfully [intercepting] and [endeavoring] to intercept wire communications," the failure to prove how the eavesdropping devices were installed is not fatal to the Government's case. Employees of Goldsmith testified that he took them to the telephone pole, that he had previously shown them how to connect the recorder, and that they changed tapes and presented them to him, all at his instruction and direction. This testimony, if believed, was sufficient to prove the indictment and to support the conviction.

Affirmed.