**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus Ruiz SILVAS, Defendant-
Appellant.**

**No. 73-1496
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1963.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Jesus Ruiz Silvas appeals from his conviction on a jury verdict of four counts of encouraging and inducing the

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty. Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

entry of illegal aliens into the United States. 8 U.S.C.A. § 1324(a)(4). He seeks reversal on two grounds: (1) the receipt in evidence of a letter written by him from jail to an acquaintance, the father of the driver of the automobile in which the aliens were riding when apprehended; and (2) the overruling by the Court of his objection to questions by the prosecution about the details of a prior, similar offense for which he had been imprisoned. We affirm.

(1) The letter in question implored Vicente Oliveros, a former prison acquaintance of defendant, to deny knowledge of arrangements assertedly made by defendant with Oliveros and others for the illegal entry of the aliens. At the time of the letter's admission in evidence, four of the illegal aliens, as well as Oliveros, had identified the defendant and had testified at length about these same arrangements. When admitted, the letter's predicate as emanating from defendant was somewhat dubious.[1] Subsequently, however, defendant, in response to questions by his counsel, removed these doubts by admitting its authorship.

We are unable to agree with the contention of the Government that the letter was sufficiently authenticated at the time of its admission. Any error in this respect was, however, both waived and harmless in view of defendant's later, voluntary admission of authorship and of the existence in the record of other, entirely proper evidence of such strength as to convince us that any error in the initial admission of the letter did not prejudice Silvas. United States v. Lipscomb, 435 F.2d 795, 803 (5th Cir. 1970).

(2) Silvas also contends he was prejudiced when the prosecutor elicited the details of Silvas' prior conviction for the same offense. During direct examination of Silvas, his counsel had opened the subject and explored it rather fully, and he did not object until the prosecutor's line of questioning was well advanced. The additional information secured by the prosecutor's questions showed a similarity of method between the two incidents and, thus, was relevant to show appellant's *modus operandi* as it related to the credibility of his claimed alibi. In addition, we conclude that the prejudicial effect of any additional details elicited by the prosecutor did not outweigh the probative value of the testimony, and that the District Court did not abuse its discretion in overruling the objection to the prosecutor's questions. McCormick, Evidence (2d 1972), § 191; United States v. Goldsmith, 5 Cir., 1973, 483 F.2d 441.

Defendant received a fair trial, free of harmful error.

Affirmed.

---

1. Though handwritten, no identification of the writing as defendant's was made. Admission rested on little more than the conclusion of the addressee's wife that the letter was "from the gentleman, Jesus Silvas." The special knowledge upon which she based her conclusion, that defendant had written letters from prison to her for her illiterate husband, did not appear until defendant's testimony later in the trial.