**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Willie LEWIS and Reginald Reese
Robinson, Defendants-Appellants.**

**No. 75–2836.**

United States Court of Appeals,
Fifth Circuit.

May 20, 1976.

Rehearing Denied June 9, 1976.

George W. Cameron, Jr., Montgomery, Ala. (Court-Appointed), for defendants-appellants.

Ira DeMent, U. S. Atty., Milton L. Moss, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before AINSWORTH and MORGAN, Circuit Judges, and HOFFMAN *, District Judge.

AINSWORTH, Circuit Judge:

Appellants Arthur Willie Lewis and Reginald Reese Robinson appeal their convictions for conspiracy to violate the Gun Control Act (18 U.S.C. § 371) and the substantive violations of that Act (26 U.S.C. § 5861(c), (d), (f)) in that they wilfully and knowingly did make and alter firearms, in violation of the Act.

Originally, nine defendants were indicted for these offenses and several of them later pled guilty. One of the key witnesses for the prosecution was Charles 4X Williams who was an original defendant and entered a plea of guilty. The evidence showed that defendants were members of a black Muslim group who made their headquarters at

* District Judge of the Eastern District of Virginia, sitting by designation.

the apartment of appellant Lewis. There the defendants attended karate classes conducted by Lewis. There was also testimony that appellants Lewis and Robinson sawed off the barrels of shotguns and Lewis assigned weapons to each of the defendants.

Evidence was also admitted that on October 9, 1974, defendants robbed a food store in Montgomery, Alabama, armed with the weapons assigned to them, and that Lewis killed the manager of the store during the robbery. On October 12, 1974, all of the defendants converged on downtown Montgomery and a violent shooting spree ensued. Appellant Lewis slashed an old man across the face with a machete. Three of the group entered local Radio Station WAPX and took over control. There were several gun battles between these individuals and the police, ending finally with the police routing the individuals who had taken over control of the radio station and arresting them. Meanwhile, however, a retired policeman, Mr. Furr, had been killed in the shooting by appellant Lewis. A disc jockey at WAPX identified appellants Lewis and Robinson as two of the individuals who came into the station armed with sawed-off shotguns.

At the conclusion of the Government's case no evidence was offered by either of the appellants.

Appellants contend that they were seriously prejudiced by the erroneous admission of evidence of other crimes, especially in allowing evidence relating to the robbery of the food store and the killing of the manager, the subsequent shootout in downtown Montgomery and taking over of the radio station, the slashing of the old man with the machete, and the killing of the retired police officer in the ensuing melee.

As to the law pertaining to the admissibility of evidence of other crimes, we said in *United States v. Crockett,* 5 Cir., 1975, 514 F.2d 64, 71, 72, the following:

As a general rule, evidence of other crimes or acts of misconduct of the accused may not be introduced where the relevancy of such evidence serves solely to show the defendant's bad character or criminal propensities. *Michelson v. United States,* 335 U.S. 469, 475–476, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Lawrance,* 480 F.2d 688, 690 (5th Cir. 1973). This general rule is subject to certain recognized exceptions where the evidence of the other acts tends to prove some element of the crime presently charged and therefore is not offered to show the defendant's bad character. *United States v Pittman,* 439 F.2d 906, 908 (5th Cir.), cert. denied, 404 U.S. 842, 92 S.Ct. 138, 30 L.Ed.2d 77 (1971); 2 C. Wright, Federal Practice & Procedure: Criminal § 410 (1969). Thus, evidence of other acts of misconduct or crimes is regarded as admissible for the purpose of showing knowledge, intent, motive, design, scheme, or the like, where such is an essential element of the commission of the offense. *United States v. Goldsmith,* 483 F.2d 441, 443 (5th Cir. 1973); *Ehrlich v. United States,* 238 F.2d 481, 483 (5th Cir. 1956).

■ The District Judge must balance the probative value of the evidence of other crimes with its possible prejudice to the defendant. *United States v. Nill,* 5 Cir., 1975, 518 F.2d 793, 802; *United States v. Lawrance,* 5 Cir., 1973, 480 F.2d 688, 690.

■ The Government's response is that the nine original defendants were charged with a conspiracy to violate the Gun Control Act of 1968 and therefore that the evidence of other crimes was proper to prove the existence of the conspiracy and that defendants were members thereof. *See United States v. Arias-Diaz,* 5 Cir., 1974, 497 F.2d 165, 170. We hold that the Government's position is well taken and that the evidence was both necessary and essential to prove the conspiracy.

In *United States v. Nunez,* 5 Cir., 1967, 370 F.2d 538, 539, we affirmed a conviction for possession of a sawed-off shotgun though evidence was admitted by the trial court to show that the automobile in which defendant was riding at the time of his arrest was allegedly stolen. We held that the evidence was proper because it was inevitably a part of the background facts

surrounding the commission of the crime of possession of the sawed-off shotgun. Our decision in *United States v. Crockett*, 5 Cir., 1975, 514 F.2d 64, is to the same effect and evidence of other crimes was admitted to prove a gambling conspiracy, where the acts were closely related in time and nature to those charged. We stated in that case that a conspiracy "cannot be viewed in a vacuum," and that the surrounding facts and circumstances forming a part thereof may be introduced by the prosecution. *Id.* at 73.

It also appears that the District Judge carefully charged the jury in this case on the law pertaining to consideration which the jury might properly give to evidence of other crimes.

Viewing the evidence as a whole, the serious nature of the offenses committed, the overwhelming proof of the guilt of appellants, we are satisfied that there was no abuse of discretion by the District Judge in admitting the evidence of other crimes. We find no error in the proceedings below and the judgments of conviction are therefore AFFIRMED.