441 F.2d 549
 Bradley WILLIAMSON, Petitioner-Appellant,
v.
STATE OF ALABAMA, Respondent-Appellee.
No. 30917 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 23, 1971, Rehearing Denied May 20, 1971.
 
 Bradley Williamson, pro se.
 Jasper B. Roverts, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of an Alabama state prisoner for the writ of habeas corpus. We affirm.
 
 
 2
 Appellant was first convicted upon trial by jury of first degree murder and was assessed the death penalty. On direct appeal the Alabama Supreme Court reversed the conviction and remanded for further proceedings. Williamson v. State, Ala.1952, 258 Ala. 24, 61 So.2d 1. Faced with a new trial appellant pled guilty. A jury convicted him on his plea and sentenced him to life imprisonment on October 23, 1952.
 
 
 3
 In his habeas petition filed below appellant alleged that he was illegally arrested, that he was not advised of his rights when arrested, that he was intimidated into making a statement, and that his guilty plea was induced by the illegally obtained confession and by fear of the death penalty.
 
 
 4
 Assuming these allegations to be true, appellant is not entitled to relief as a matter of law. A defendant who alleges merely that his guilty plea was induced by a prior coerced confession is not entitled to habeas corpus relief. McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Chambers v. Beto, 5th Cir. 1970, 428 F.2d 791. Also, a guilty plea entered to avoid the death penalty is not involuntary. Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Giles v. Beto, 5th Cir. 1971, 437 F.2d 192 (1971); Pickens v. United States, 5th Cir. 1970, 427 F.2d 349. Appellant was convicted prior to the Supreme Court's decision in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, therefore the failure of the police to advise him of his Miranda rights does not entitle him to relief. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Further a voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, including an illegal arrest, failure to advise him of his constitutional rights, and an involuntary confession. Stephen v. Smith, 5th Cir. 1971, 438 F.2d 979 (1971); Chambers v. Beto, supra; Askew v. Alabama, 5th Cir. 1968, 398 F.2d 825.
 
 
 5
 Appellant also alleged that the two attorneys who represented him throughout both trials were ineffective. The court below found that counsel, who succeeded in getting appellant's initial conviction reversed, were not ineffective. We perceive no clear error in this finding, and no error in the district court's application of the law. The judgment below is affirmed.
 
 
 6
 Affirmed.