Bailey Lee SLOAN, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Adult Corrections Institution, State of Florida, Respondent-Appellee.

No. 72-2353

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1972.

Joseph V. Eskenazi, Federal Public Defender, Miami, Fla. (Court appointed not under Act), Richard M. Dunn, Asst. Federal Public Defender, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., J. Robert Olian, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

We review on appeal the district court's denial of a petition for writ of habeas corpus without an evidentiary hearing.[1] Because the petitioner alleged facts that, if true, will entitle him to relief, and has never been afforded an evidentiary hearing on the contentions raised, we reverse and remand for such a hearing.

Petitioner-appellant, Bailey Lee Sloan, attacks his 15 year sentence imposed in March 1960 by a Florida state court upon a plea of guilty to robbery. He was arraigned on February 23, 1960 when he entered a plea of not guilty, and waived jury trial without counsel. One week later on March 1, 1960, he was returned to court, where he withdrew the not guilty plea and entered a plea of guilty. The trial judge accepted the substituted plea and sentenced petitioner to 10 years imprisonment. Sloan alleges that there immediately ensued a "hurried wispered (sic) conversation" between the prosecutor and judge, who then announced a sentence of 15 years imprisonment. Petitioner challenges that judgment and sentence.

■ First, petitioner alleges that his plea of guilty was involuntarily made in that it was based upon a coerced confession. Petitioner was arrested on January 20, 1960, for an offense committed that day, and informed against February 11, 1960. As already noted he pled not guilty on February 23, and was sentenced on March 1, 1960, after a change of plea. He claims that intermittently between arrest and sentence, he was subjected to physical abuse, coercion, intimidation and incommunicado incarceration.

■■ As the district judge noted, a defendant who alleges merely that his guilty plea was induced by a prior coerced confession is not thereby entitled to federal habeas relief. McMann v. Richardson, 1970, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763; Williamson v. Alabama, 5 Cir. 1971, 441 F.2d 549. A conviction after a guilty plea rests upon the defendant's solemn admission in open court that he committed the acts with which he is charged. Thus, the plea would vitiate any and all prior non-jurisdictional defects.

■■ However, neither *McMann* nor *Williamson* involved the uncounseled defendant or, what amounts to the same, *infra*, a defendant not provided with reasonably competent advice. In those situations, the voluntariness of the plea becomes suspect because of the absence of a trained individual sympathetic to the defendant's plight capable of isolating the circumstances that coerced the confession and the confession itself from affecting or otherwise tainting the plea of guilty.[2]

Proof of petitioner's second allegation would provide that "something more" which *McMann* required to allow the guilty plea to become the subject of collateral attack. This compels our remand for an evidentiary hearing. Mitchell v. Henderson, 5 Cir. 1970, 432 R.2d 435. Petitioner asserts that while the record indicates an attorney was appointed to represent him, he was denied the effective assistance of counsel guaranteed him by the Sixth and Fourteenth

---

1. As found by the court below, available state remedies were exhausted as to the grounds for relief advanced by petitioner by denial without a hearing of a Florida Rule 1.850, 33 F.S.A., motion by his state trial court, followed by an unsuccessful appeal to the Florida Third District Court of Appeal. Sloan v. State, 249 So. 2d 772 (Fla.App.3rd 1971).

2. Another way to sterilize the plea from prior defects is for the trial judge to see that the record affirmatively shows that the defendant's guilty plea was intelligently and voluntarily made. Boykin v. Alabama, 1969, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274. While we have held *Boykin* not to be retroactive in its application, Dominguez v. Henderson, 5 Cir. 1971, 447 F.2d 207, the absence of any showing of an intelligent and voluntary plea of guilty may have evidentiary bearing on the issue of the plea's validity. Cf. Davis v. North Carolina, 1966, 384 U.S. 737, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895, 898.

Amendments. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799; Reece v. Georgia, 1955, 350 U.S. 85, 90, 76 S.Ct. 167, 170, 100 L.Ed. 77, 83; Glasser v. United States, 1942, 315 U.S. 60, 69–70, 62 S.Ct. 457, 464–465, 86 L.Ed. 680, 699; Avery v. Alabama, 1940, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377, 379; Powell v. Alabama, 1932, 287 U.S. 45, 57, 53 S.Ct. 55, 59–60, 77 L.Ed. 158, 164.

Petitioner alleges that: he never spoke to an attorney and that none spoke to him; that no representative of his came forward to work on his behalf; that no attorney filed any motions on his behalf; no attorney entered a plea for him; no attorney made any objections or otherwise involved himself in any proceedings, particularly at the "hurried wispered (sic) conversation" between the prosecutor and judge which resulted in the immediate increase from 10 to 15 years imprisonment; and no attorney advised him that he could appeal the sentence.

■ The right to counsel is the right to the effective assistance of counsel: ". . . not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592, 599. The record of the state court proceedings provides no answer to these assertions. An evidentiary hearing followed by factual findings is mandated in these circumstances under the teachings of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

One further observation is in order. The record before us includes the skeleton record on appeal to the Florida District Court of Appeals. In the form of a minute entry this contains a reference to sworn testimony by the robbery victim, Ann Shuflin, and by the petitioner himself at the March 1, 1960 change of plea and sentence proceedings, but the actual testimony is not present. The nature and sequence of this testimony possibly may have a determinative bearing on the issue of whether the guilty plea was voluntarily and intelligently entered by Sloan. Upon remand, the district judge should fully explore this subject.

Reversed and remanded for proceedings consistent with this opinion.