James **RICHARDSON**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–3335

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1973.

---

* Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

---

James Richardson, pro se.

Crawford Martin, Atty. Gen., W. Barton Boling, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Richardson appeals the district court's denial of his petition for habeas corpus. We affirm.

The appellant was convicted by a jury of burglary in a Texas state court. The same jury found that he had been convicted of two prior felonies, and thus assessed his sentence at life imprisonment pursuant to Article 63 of the Vernon's Ann.Texas Penal Code.

After unsuccessfully seeking collateral relief in his state courts, the appellant filed a federal habeas corpus petition challenging the jury's assessment of a life sentence on grounds that the prior convictions used for enhancement pur-

poses were void. He alleged that the two convictions, one in 1958 for burglary and one in 1960 for theft, were constitutionally infirm because in each of those criminal proceedings he was not taken before a magistrate, he was denied bond, and was falsely imprisoned for some time before formal charges were brought against him. With respect to his 1960 conviction, he also contended that he was arrested without a warrant, placed in a lineup without counsel present, and "was not advised of state or constitutional rights."

At the district court's direction, an answer was filed by the respondent which contained copies of the judgments entered in each of the complained-of convictions, reflecting that the appellant had entered a plea of guilty in each case. The court then dismissed the petition, finding that the alleged errors raised by the appellant were merely nonjurisdictional defects waived by his pleas of guilty.[1] Williamson v. Alabama, 441 F.2d 549 (5th Cir. 1971).

The judgment of the district court is affirmed.

1. Appellant's pleadings do not allege that either of his guilty pleas is somehow defective, nor is there a showing that state remedies have been exhausted in connection with such possible contentions.