Jessie Neal **WILLIAMS**,
Petitioner-Appellant,

v.

**Louie L. WAINWRIGHT, etc.**,
Respondent-Appellee.

Jessie Neal **WILLIAMS**,
Petitioner-Appellant,

v.

**W. F. ROUSE et al.**,
Respondent-Appellee.

No. 79–1207
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Jessie Neal Williams, pro se.

Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before BROWN, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioner appeals from the denial of his writ of habeas corpus protesting that his plea of nolo contendere was involuntary, his plea bargain broken, his arrest wanting in probable cause and his counsel impermissibly ineffective. We uphold the District Court on the first three grounds and affirm its implicit denial on the fourth.

*Petition Preliminaries*

This appeal follows petitioner Jessie Williams's 1975 conviction in a Florida state court, in which he was represented by appointed counsel. Williams entered a plea of nolo contendere and was sentenced to twelve years imprisonment on eight counts of conspiracy, forgery and uttering a forged instrument. After unsuccessfully seeking relief in the state court,[1] Williams filed a writ of habeas corpus in federal District Court pursuant to 28 U.S.C.A. § 2254. This writ was consolidated with a second habeas

---

1. After Williams's conviction, his counsel filed an "Anders" brief pursuant to *Anders v. California*, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, successfully requesting that he be allowed to withdraw from the case. Williams's motion to vacate and set aside the judgment and sentences was denied, and the denial affirmed. Williams then petitioned for habeas corpus in the Supreme Court of Florida. A writ was issued, then discharged, *Williams v. Rouse*, 345 So.2d 429 (Fla.1977), and rehearing denied.

writ on a prior unrelated conviction.[2] In this consolidated proceeding, Williams raised several challenges to both convictions including ineffective assistance of counsel regarding his 1975 conviction. In a handwritten statement accompanying the printed petition, Williams alleged:

Petitioner further contends that he was denied effective assistance of counsel by Mr. Hill, who left Petitioner [stranded] in the court room. Petitioner did not know what was going on, neither had any knowledge of [Assistant] Public Defender Mr. Dennis Maloney who entered a plea in Petitioner's behalf. . . .

(R. 2).

The magistrate then appointed another attorney for Williams. The parties prepared a joint pre-evidentiary stipulation and submitted it to the magistrate, but did not discuss the issue of effective assistance. The magistrate denied the petition without a hearing and without addressing the effectiveness of Williams's first, 1975 counsel. The District Court adopted the report and recommendation of the magistrate. *Williams v. Wainwright*, Nos. 77–494, 77–303 (M.D.Fla., Nov. 30, 1978).

On appeal, Williams challenges the denial of his petition on four grounds, three of which were discussed and denied below. Although neither party clearly articulates the issues, Williams maintains, as he did below, that his plea of nolo contendere was involuntary, his plea bargain broken and his arrest illegal. He also claims in this Court that his counsel was ineffective.

### A Plea, A Plea Bargain And Probable Cause

■ As to Williams's claim that the nolo plea was not voluntary, the District Court had ample basis for its finding that the plea was voluntarily and intelligently made. The state court judge informed Williams that by his plea Williams would waive his rights to a jury trial and to present and confront witnesses (R. 3–4, 5, 8). The Judge also made sure that Williams had conferred with, and had confidence in, his attorney (R. 4). The Judge then conducted a detailed factual inquiry—uncontested by Williams—into each charge (R. 5–8). This record [3] satisfies the voluntariness requirement of *Boykin v. Alabama*, 1969, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279. The District Court properly upheld Williams's plea of nolo contendere. *See Davis v. Wainwright*, 5 Cir., 1977, 547 F.2d 261, 264–65.

■ With respect to Williams's further claim that he had entered into a plea bargain which was broken, the record reveals that Williams was not promised anything other than the twelve year sentence he actually received (R. 3–4). By his own in court declarations, Williams denied any promise of a sentence other than twelve years. *Id.* Although not conclusive, these statements raise a "presumption of verity" which Williams has not rebutted. *See Blackledge v. Allison*, 1977, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136. Therefore Williams fails on this contention.

■ We also reject Williams's next protest, namely that the arrests on which his convictions rest were made without probable cause, in violation of the Fourth Amendment. Quite apart from *Stone v. Powell*, 1969, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, which held that Fourth Amendment claims may not be litigated in a federal habeas corpus petition if they could have been fully and fairly presented at the state level, *see Caver v. Alabama*, 5 Cir., 1978, 577 F.2d 1188; *O'Berry v. Wain-*

---

**2.** In 1973, Williams was convicted by a jury of possession of stolen property, possession of heroin, spoliation and flight to elude a policeman. He was sentenced to five years imprisonment. In addition, Williams was convicted of receipt of stolen property in 1971 under a no contest plea, but he did not challenge this conviction in his habeas petition, nor do we consider it here.

**3.** One page of the state court transcript seems to be missing from the record on appeal, of which neither party makes note. Regardless, voluntariness is demonstrated by the record as it stands.

*wright*, 5 Cir., 546 F.2d 1204, *cert. denied*, 1977, 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096; a voluntary plea of nolo contendere waives all non-jurisdictional defects. *See Richardson v. Beto*, 5 Cir., 472 F.2d 169, *cert. denied*, 1973, 412 U.S. 908, 93 S.Ct. 2302, 36 L.Ed.2d 974; *Williamson v. Alabama*, 5 Cir., 1971, 441 F.2d 549; *Stephen v. Smith*, 5 Cir., 1971, 438 F.2d 979.

### A Remaining Problem

Finally, Williams implores that he was denied the effective assistance of counsel. Williams, however, has not exhausted his state remedies on this claim. Our recent en banc decision in *Galtieri v. Wainwright*, 5 Cir., 1978, 582 F.2d 348, permits us to review exhausted claims but precludes our review of unexhausted ones. We must affirm the District Court's implicit denial of petitioner's ineffective assistance plea, but without prejudice for petitioner to refile in state court and probe this possibility.

AFFIRMED.