**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John DIAZ, Defendant-Appellant.**

No. 83–1230
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 1, 1984.

---

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This is an appeal from the District Court's denial of a federal habeas petition in which appellant, John Diaz, attacked his convictions on the ground that (1) his guilty pleas were unknowingly and involuntarily made; (2) he received ineffective assistance of counsel; and (3) the imposition of separate sentences for two counts of possession and intent to distribute two separate pounds of heroin on the same day constitutes Double Jeopardy. We affirm on the first two issues. On the Double Jeopardy issue, we vacate one of the sentences under the concurrent sentence doctrine.

### Statement of the Case

Following extended surveillance of Diaz' activities at the apartment of his sister and brother-in-law, DEA agents stopped Diaz' automobile, where they discovered an ounce of heroin on his person and a pound of heroin hidden in his car. Later that day, the agents procured a warrant to search the home of Diaz' sister and brother-in-law, and the agents found a second pound of heroin, which Diaz later claimed. Diaz was charged on four counts in indictment number SA–78–CR–121: (1) conspiracy to possess heroin with intent to distribute; (2) aiding and abetting a co-defendant in possessing heroin; (3) possessing one pound of heroin in his car on April 24, 1978; and (4) possessing the second pound of heroin found in his sister and brother-in-law's home on the same day. Diaz pleaded guilty on all four counts. The District Court sentenced him to three consecutive 15 year terms on the first three counts, and a fourth term of 15 years on the fourth count that was to be served concurrent with that of the third count. In a later indictment, number SA–78–CR–122, also a subject of this appeal but involving different facts, Diaz was charged with (1) conspiracy to possess heroin with intent to distribute it; and (2) aiding and abetting a co-defendant in the possession of heroin. Pursuant to a plea bargain agreement on the second indictment, Diaz pleaded guilty to the first count and the second count was dismissed. Diaz was sentenced to a fifth term of 15 years to run consecutively to the three consecutive sentences imposed under the first indictment. The second indictment arose out of dealings by Diaz with persons unrelated to the conspiracy and sales in the first indictment.

Diaz appealed his convictions under both indictments alleging that the trial court abused its discretion by employing a mechanical sentencing policy that was unjust. We affirmed the District Court, holding that the sentence imposed was clearly within the statutory limits, and that the requirements of F.R.Crim.P. 11 were met.[1]

Diaz filed two separate, but identical, Motions to Vacate, Set Aside, or Correct Sentences under § 2255. The District Court denied the motions.

### Voluntariness of the Guilty Pleas

Diaz contends that his pleas on both indictments were involuntary because he did not fully understand the charges against him. He also contends that the guilty pleas were coerced through threats of prosecution of his relatives. In so arguing, Diaz contradicts his own sworn testimony at the plea hearing. Diaz' "prior attestation of voluntariness is not an absolute bar to his contentions here, although it

---

**1.** *U.S. v. Diaz,* Nos. 78–5578, 78–5579, (5th Cir. August 17, 1979) (unpublished opinion).

imposes on him a 'heavy burden.'" *United States v. Nuckols*, 606 F.2d 566 (5th Cir.1979). Diaz must show that his pleas were "so much the product of ... misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

■ The Supreme Court has recently reiterated, "it is well established that a plea of guilty cannot be voluntary ... unless the accused has received 'real notice of the true nature of the charge against him.'" *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). This is of no avail to Diaz. Although Diaz claims he did not comprehend the nature of the charges against him, we find ample support in the record for the District Court's findings to the contrary. On Diaz' direct appeal, this Court held that "the requirements of Rule 11 were carefully met." The record of that Rule 11 hearing reveals that the Court questioned Diaz extensively to determine if his pleas were voluntary. The Court admonished him that he was under oath and that he could be charged with "false swearing or perjury" if he failed to answer truthfully. After determining that Diaz had received a copy of the indictment against him, the Court read every count of the indictment, pausing after each to question Diaz about his understanding of the charges and to allow questions. The Court asked Diaz if his attorney had discussed possible defenses with him, and Diaz swore that he had. The Court then asked Diaz' attorney whether he had explained the nature of the charges to his client and whether his client understood them. The attorney responded in the affirmative to both questions, adding further that Diaz had assisted him in the preparation of his case. The Court inquired into Diaz' mental and physical condition, and whether Diaz was under the influence of any substance that would impair his understanding. Diaz assured the judge that he was not, and that he understood the consequences of pleading guilty. Following an explanation by the Judge on the requirement and meaning of "voluntariness" of guilty pleas, Diaz assured the Judge that his plea was "voluntary."

Diaz has not established that his guilty pleas were caused by any misrepresentation by others. Nor has he proved why the statements made by him and his attorney regarding his understanding of the charges which were read and explained at the Rule 11 hearing, were false or unacceptable when they were made. Thus, he has not borne his burden in showing that his pleas were not knowingly made.

### Pleas Induced by Coercion

Diaz broadly alleges that he was threatened with the prospect that his sister and brother-in-law would be prosecuted if he did not plead guilty. On that basis, he contends that his plea was coerced and therefore not voluntary. Again, although Diaz' prior attestation of voluntariness at the Rule 11 hearing may not be an absolute bar to his contentions here, it indeed imposes on him a "heavy burden." *U.S. v. Nuckols*, 606 F.2d 566, 569 (5th Cir.1979).

■ The Court could conclude that the affidavits by Diaz' sister and brother-in-law, on which he relies, do not support Diaz' allegations that prosecutorial pressure against them was used to induce his guilty plea. On the contrary, the affidavits, read as a whole, recount conversations with DEA agents aimed at leading Diaz "to cooperate" in the DEA drug investigation, rather than to plead guilty. The sister and brother-in-law state they were told:

*We don't want John Diaz,* we just want John Diaz to help us. We can send John Diaz where he can have his name and identity changed.

\* \* \* \* \* \*

If he talks *he will go home with you* right now. (Emphasis added)

These statements are flatly contradictory to Diaz' allegations that pressure on his relatives was used to make him plead guilty. Thus, Diaz has not borne his

"heavy burden" of refuting his own in-court statement that his plea was not induced by threats.

■ Moreover, threatening prosecution of a third party family member is not itself legally wrong. *U.S. v. Nuckols*, 606 F.2d 566 (5th Cir.1979). There, we stated:

> As a threshold matter we see no intrinsic constitutional infirmity in broadening plea negotiations so as to permit third party beneficiaries. It is generally within a prosecutor's discretion merely to inform an accused that an implicated third person 'will be brought to book if he does not plead guilty ... if an accused elects to sacrifice himself for such motives, that is his choice.'

606 F.2d at 569 (citations omitted).

■ Since such circumstances pose a possible greater danger of coercion, we held in *Nuckols* that prosecutors who choose to exercise such techniques would be held to a high standard of good faith. Good faith is established when the prosecutor has probable cause to bring charges. 606 F.2d at 569. The record here demonstrates that the prosecutor had probable cause to bring charges against Diaz' relatives. Diaz was carrying on his heroin operations from their home. DEA agents watched Diaz carry a package from there which was later found to contain a pound of heroin. A second pound of heroin was found on their property in a common area. Finally, there is evidence that their home had been under surveillance for some time, and that the telephone bills evidenced long distance calls to known dealers in Laredo, Chicago, and Detroit. Under these circumstances, the prosecutor had probable cause to bring charges against Diaz' sister and brother-in-law. Thus, under *Nuckols*, Diaz' pleas would not be involuntary by reason of his desire to extricate his relatives from such a possible good faith prosecution. In any case, we do not find that the District Court erred in finding that Diaz failed to carry his "heavy burden" of showing that his pleas were involuntary.

■ As to the second indictment, the guilty plea was not coerced. It was admittedly the result of a plea bargain under which the second count was dismissed. Plea bargaining does not render a resulting guilty plea involuntary. *Santobello v. New York*, 404 U.S. 257, 260–61, 92 S.Ct. 495, 497–98, 30 L.Ed.2d 427 (1971). Diaz has not demonstrated that his agreement to the plea bargain was obtained by coercion. To the contrary, the record discloses that he voluntarily pleaded guilty to obtain the benefit of bargain, and he has received that benefit. His argument of coercion by pressure against his relatives fails here for the same reason as it failed as to the first indictment.

Nor has Diaz shown that the plea under the second indictment was unknowingly made. The same careful Rule 11 procedures were followed in the taking of this guilty plea as in the taking of the pleas under the first indictment. The conspiracy charge under the second indictment involved identical elements as the conspiracy charged under the first indictment. The only difference is that a different set of co-conspirators were involved in the second indictment. Thus, our ruling that Diaz understood the elements of the conspiracy charge under the first indictment, leads to the conclusion that he also understood the nature of the conspiracy charge under the second indictment. Accordingly, Diaz has not shown that his plea under the second indictment was involuntary.

*Ineffective Assistance of Counsel*

Diaz urges that he was denied effective assistance of counsel in two respects. He asserts that the ineffectiveness of counsel rendered his guilty plea involuntary, since he was unable to make an informed decision. He also claims that he was not adequately represented since his counsel pursued only one issue on direct appeal. Neither argument has merit in this case.

■ To establish ineffective assistance of counsel, "a petitioner must demonstrate both an identifiable instance of seriously inadequate performance by counsel, and some actual substantial disadvantage to

the course of his defense resulting from that lapse. . . . The petitioner's failure to sustain either will result in a denial of the writ." *Baldwin v. Maggio,* 704 F.2d 1325 (5th Cir.1983). Of course, effective assistance of counsel on the entry of a guilty plea requires that counsel ascertain whether the pleas are entered voluntarily and knowingly. *Lamb v. Estelle,* 667 F.2d 492, 494 (5th Cir.1982); *Hill v. Estelle,* 653 F.2d 202, 206 (5th Cir.1981); *Jones v. Henderson,* 549 F.2d 995, 996–97 (5th Cir.1977), *cert. denied,* 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 103 (1977).

■ The record shows that Diaz was competently advised. Moreover, in the previous section we held that Diaz' guilty pleas were both knowing and willing, and therefore voluntary. Thus, Diaz' bald allegation that he was denied effective assistance at the plea stage cannot meet the requirement of "actual substantial disadvantage to the course of his defense resulting from" any possible lapse by counsel. *Diaz v. Martin,* 718 F.2d 1372 (5th Cir. 1983). In *Diaz v. Martin,* Judge Rubin writing for this Court held that even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is no "actual and substantial disadvantage" to the defense. *Id.* at 1379. Thus, our holding in the previous section that the pleas were voluntary defeats the claim of ineffective assistance at the plea stage.

■ With regard to petitioner's claim that he was inadequately represented on appeal, we need only point out that a valid guilty plea waives all nonjurisdiction-

al defects in the proceedings against a defendant. *Barrientos v. U.S.,* 668 F.2d 838, 842 (5th Cir.1982). Other than Diaz' involuntariness and double jeopardy claims, which we deal with *infra,* the issues which Diaz asserts should have been made by his counsel on appeal are nonjurisdictional,[2] and therefore waived. Thus, there was no error by counsel in not raising issues other than the voluntariness of his guilty pleas.

### *Double Jeopardy*

Diaz contends that the prosecution on two separate counts of possession with intent to distribute constituted double jeopardy. However, we need not reach this issue since the sentences imposed on the two counts are to run concurrently, and review is unnecessary under the concurrent sentence doctrine. *U.S. v. Montemayor,* 703 F.2d 109, 116 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

■ "The predicate to the application of the concurrent sentence doctrine is the existence of concurrent sentences." 703 F.2d at 114. Since we find that Diaz' conviction on the other possession count must be affirmed, we invoke the concurrent sentence doctrine to decline review of defendant's conviction on the fourth count of the first indictment. As in *Montemayor,* we vacate the unreviewed conviction and suspend imposition of the sentence[3] to ensure that the defendant will not suffer adverse consequences from the unreviewed conviction. *U.S. v. Rubin,* 591 F.2d 278, 280 (5th Cir. 1979), *cert. denied* 444 U.S. 864, 100 S.Ct. 133, 62 L.Ed.2d 87 (1979).

**2.** Diaz claimed his counsel should have argued that (1) the search of his automobile violated Fourth Amendment standards, (2) the affidavit for the search warrant for the home of his sister and brother-in-law was deficient and (3) being charged for both aiding and abetting and conspiracy was double jeopardy. With regard to the Fourth Amendment claims, these were waived by the guilty plea. *See, e.g. Williams v. Wainwright,* 604 F.2d 404 (5th Cir.1979). As to the double jeopardy argument, aiding and abetting and conspiracy are separate offenses. *See U.S. v. Cowart,* 595 F.2d 1023 (5th Cir.1979).

See also *Whalen v. U.S.,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

**3.** If the government subsequently determines that the interest of justice requires reimposition of the unreviewed sentence, then it may interpose its objections and this sentence would then be open to appellate review. *See U.S. v. Cardona,* 650 F.2d 54, 58 (5th Cir.1981).

AFFIRMED IN PART, VACATED IN PART.