**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60287

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY L HAYES,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(1:96-CV-628)

March 19, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Anthony L. Hayes, a federal prisoner (#03375043), appeals the

district court's denial of his 28 U.S.C. § 2555 motion to vacate,

correct, or set aside his sentence. The district court granted

Hayes a certificate of appealability (COA) on the issues whether

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty plea was invalid because it (1) resulted from ineffective assistance of counsel, (2) deprived him of his right to appeal, (3) was coerced by the government, and (4) violated his right to a jury trial.

Hayes contends that his waiver of the right to appeal was not knowing and voluntary and, therefore, that his guilty plea was invalid.  Because Hayes testified at the Rule 11 colloquy that he had read and discussed the agreement with his attorney, understood it to be the entire agreement with the government, and had completed school through the eighth grade and could read and write, the district court found that Hayes read and understood the Memorandum of Understanding between the government and him.  Hayes has thus failed to show that the district court erred in concluding that he knowingly and voluntarily waived his right to appeal. *See United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994) (holding that "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal").

Hayes also asserts that his guilty plea was invalid because it was coerced by the prosecutor's threats to prosecute Hayes' sister and girlfriend for their participation during and after Hayes'

escape from the Harrison County Detention Center. Because Hayes has failed to demonstrate that the prosecutor's threats were made in bad faith or that the prosecution lacked probable cause to indict these women, he has failed to carry his heavy burden of demonstrating that his guilty plea was coerced by these threats. *See United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984); *United States v. Nuckols*, 606 F.2d 566, 568 (5th Cir. 1979).

Hayes asserts that his Sixth Amendment right to effective assistance of counsel was violated because his counsel advised and allowed him to waive his right to appeal. He asserts that such a waiver is unconstitutional, that counsel was not familiar with the case law concerning such waivers, and that there are factors showing that Hayes did not understand the provision. As part of the plea agreement, Hayes agreed to waive his right to appeal his sentence if the court accepted the government's sentencing recommendations, but he reserved the right to appeal sentencing errors if the court did not. The court accepted the government's recommendations, and Hayes does not assert any sentencing errors. The right to appeal a criminal conviction is a statutory, not a constitutional, right that may be waived. *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Even assuming that counsel's performance was deficient, Hayes has failed to demonstrate that he was prejudiced by counsel's allegedly deficient

performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Diaz*, 733 F.2d at 376.

The district court also granted a COA on the issue whether Hayes' guilty plea was invalid because it violated his constitutional right to a jury trial. Pursuant to a guilty plea, a defendant may waive the right to trial by jury, and such waivers are valid if the plea agreement is entered into knowingly and voluntarily. *See Diaz v. Martin*, 718 F.2d 1372, 1376 (5th Cir. 1983). The district court found that Hayes' guilty plea was entered into knowingly and voluntarily, and the record demonstrates that the judge at the Rule 11 colloquy specifically admonished Hayes concerning the waiver of right to jury trial. Hayes has thus failed to show that he did not voluntarily and knowingly waived his right to jury trial. *See id*.

In addition to the claims on which the district court granted a COA, Hayes argues on appeal that the factual basis was insufficient to support his guilty plea, that the indictment was defective, and that the government arrested him pursuant to entrapment. We deny Hayes request for a COA as to these other issues because Hayes has failed to make a substantial showing of the violation of a constitutional right. *See* 28 U.S.C. § 2253(c). Finally, Hayes asserts for the first time in his reply brief that counsel was ineffective for advising and allowing him to plead

guilty to crimes that never occurred.  This issue was not raised in the district court or in Hayes' original appellate brief and therefore will not be considered by this court.  *See United States v. Anderson*, 5 F.3d 795, 801 (5th Cir. 1993).

AFFIRMED.