United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-40927
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

ANTHONY LEE JACOBS,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-159-8-PNB
-------------------------------------------------------------------

Before WIENER, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Anthony Lee Jacobs appeals from his guilty-plea conviction for conspiring to fraudulently use

access devices, in violation of 18 U.S.C. §§ 371 and 1029(a)(2). He argues that (1) his due process

rights were violated under Brady v. Maryland, 373 U.S. 83 (1963), by the suppression of exculpatory

evidence; (2) his sentence should not have been increased for being a manager or supervisor; and (3)

he should have been granted an adjustment for acceptance of responsibility. Jacobs's Brady claim

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was waived by his valid guilty plea.  See United States v. Lampazianie, 251 F.3d 519, 526 (5th Cir. 2001); United States v. Diaz, 733 F.2d 371, 376 (5th Cir. 1984).

The district court's application and interpretation of the federal sentencing guidelines is reviewed de novo and the district court's factual findings are reviewed for clear error.  United States v. Villanueva, __F.3d__, No. 03-20812, 2005 WL 958221 at *7-8 (5th Cir. Apr. 27, 2005). Examination of the record shows that the district court's findings that Jacobs was a manager or supervisor pursuant to U.S.S.G. § 3B1.1(b) and that Jacobs did not demonstrate acceptance of responsibility for his offense were not clearly erroneous.

Accordingly, the district court's judgment is AFFIRMED.