United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-50759
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAIME ALVAREZ-OCANEGRA,
also known as Jaime Alvarez-Bocanegra,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-182-1
--------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jaime Alvarez-Ocanegra appeals his guilty-plea conviction

and sentence for conspiring to distribute heroin and launder

money.  He makes numerous challenges to his conviction and

sentence.

    The record indicates that Alvarez-Ocanegra knowingly and

voluntarily entered a guilty plea,[1] reserving only the right to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] Alvarez-Ocanegra argues that his guilty plea was not
knowingly and voluntarily entered because he was not advised that
drug quantity was an element of his offense that must be proved

challenge "any upward departure pursuant to U.S.S.G. § 5K2.0 from the Guideline range found by the district court," "waive[d] his right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742." See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999); FED. R. CRIM. P. 11(b)(1)(N). The Government has invoked the waiver provision. As the district court did not upwardly depart in this case, Alvarez-Ocanegra's challenges to his sentence are waived under the terms of his plea agreement.

Alvarez-Ocanegra's argument that the Government withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), is waived by Alvarez-Ocanegra's valid guilty plea. See United States v. Lampazianie, 251 F.3d 519, 526 (5th Cir. 2001); United States v. Diaz, 733 F.2d 371, 376 (5th Cir. 1984).

Alvarez-Ocanegra's argument that the Government violated the treaty under which he was extradited by enhancing his sentence based on a prior conviction also waived. Alvarez-Ocanegra provided neither adequate argument in support of his assertion nor adequate citation to authorities. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (holding that claims not adequately argued in the body of the brief are deemed waived on appeal).

---

to a jury. We will not consider the issue because it was raised for the first time in his reply brief. Unida v. Levi Strauss & Co., 986 F.2d 970, 976 n.4 (5th Cir. 1993).

Alvarez-Ocanegra's argument that his conviction is invalid because § 841 is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is foreclosed by this court's decision in <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000). Alvarez-Ocanegra concedes that his argument is foreclosed. He raises the issue only to preserve it for Supreme Court review.

AFFIRMED.