United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20912
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD SUBLET,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-284
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Donald Sublet appeals his guilty plea conviction and

sentence for possession with intent to distribute less than 50

kilograms of marijuana in violation of 18 U.S.C. §§ 841(a)(1),

(b)(1)(D), and for being a felon in possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), as well as his

bench-trial conviction and sentence for possession of firearms in

furtherance of a drug trafficking crime in violation of 18 U.S.C.

§ 924(c)(1)(A).  Sublet claims that the district court committed

plain error by failing, sua sponte, to suppress evidence

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovered during a search of his apartment that was allegedly conducted in violation of the Fourth Amendment's knock-and-announce rule. See 18 U.S.C. § 3109; Hudson v. Michigan, 126 S. Ct. 2159 (2006) (discussing the knock-and-announce requirement).

With respect to his guilty-plea convictions, Sublet has waived all non-jurisdictional defects in the proceedings before the district court by entering a valid, unconditional guilty plea. United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999). That waiver includes the right to appeal any Fourth Amendment claims. United States v. Diaz, 733 F.2d 371, 376 n.2 (5th Cir. 1984). With respect to his bench-trial conviction, Sublet filed two motions to suppress in the district court, but neither motion raised any claim regarding the officers' failure to comply with the knock-and-announce procedure. See R. 2, 72-80; 184-92. Therefore, review is for plain error. See United States v. De Jesus-Batres, 410 F.3d 154, 158 (5th Cir. 2005), cert. denied 126 U.S. 1022 (2006). Sublet has not shown that the officers violated the knock-and-announce rule or that the district court's failure to suppress the evidence obtained from the subsequent search sua sponte constituted clear or obvious error. See United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003); Gracia-Cantu, 302 F.3d at 310.

Sublet also claims that his attorney rendered ineffective assistance in failing to seek suppression of the evidence

pursuant to the knock-and-announce rule.  Generally, this court declines to review claims of ineffective assistance of counsel on direct appeal.  United States v. Miller, 406 F.3d 323, 335-36 (5th Cir.), cert. denied, 126 S. Ct. 207 (2005); see also United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).  The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel.  See Massaro v. United States, 538 U.S. 500, 503-04 (2003).  Accordingly, this court has "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed [the court] to evaluate fairly the merits of the claim."  United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).  Sublet's is not one of those rare cases.

AFFIRMED.