**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10743
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FRANCO-ACOSTA,

Defendant-Appellant.

- - - - - - - - - - - - - - - - -
Consolidated with

No. 06-10745
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDO FRANCO-ACOSTA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-22-1
USDC No. 3:05-CR-22-2
--------------------

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carlos Franco-Acosta and Bernardo Franco-Acosta appeal their conditional guilty plea convictions for conspiracy to possess with intent to distribute cocaine. The appellants challenge the district court's denial of their motions to suppress their oral statements and the cocaine seized following a search of Carlos Franco-Acosta's airplane.

As part of their plea agreements, the appellants reserved their rights to challenge the denial of their suppression motions only as to the cocaine. The appellants's plea agreements specifically provided that they were not reserving their rights to challenge the portion of the ruling related to their oral statements. Accordingly, any challenge to that portion of the district court's ruling is waived by their guilty pleas. See United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999); United States v. Diaz, 733 F.2d 371, 376 n.2 (5th Cir. 1984).

The district court determined that Bernardo Franco-Acosta lacked standing to challenge the search of the airplane. Bernardo Franco-Acosta does not challenge this determination on appeal. Accordingly, the issue is deemed abandoned. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Charles, 469 F.3d 402, 408 (5th Cir. 2006), cert. denied, 127 S. Ct. 1505 (2007).

Carlos Franco-Acosta argues that the district erred in determining that his verbal consent to a search of his airplane was knowing, voluntary, and effective. The testimony of the agents established that Carlos Franco-Acosta voluntarily consented to the search following a non-threatening, consensual encounter with Immigration and Customs Enforcement agents. There is no evidence in the record to suggest that Carlos Franco-Acosta believed that he was not free to refuse to consent to the search. Thus, under the totality of the circumstances, Carlos Franco-Acosta's consent was knowing and voluntary. See United States v. Jones, 234 F.3d 234, 242 (5th Cir. 2000). Moreover, he did not limit that consent in any way. See United States v. Mendoza-Gonzalez, 318 F.3d 663, 667 (5th Cir. 2003). Accordingly, the district court did not err in denying the motion to suppress the cocaine. See Jones, 234 F.3d at 667.

AFFIRMED.